**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-52-TLS |
| | ) | 1:08-CR-62-TLS |
| KENNETH J. EISENBERG | ) | |

**OPINION AND ORDER**

This Court granted the Defendant's request for the appointment of counsel in Cause Numbers 1:08-CR-52 and 1:08-CR-62 in connection with a possible sentence reduction under 18 U.S.C. § 3582(c) and Amendment 782. On August 14, 2015, counsel filed a Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF Nos. 73, 69]. The Government opposes the Defendant's Petition. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence.

**BACKGROUND**

The Defendant was charged with drug offenses in two separate Indictments. He was charged, under Cause Number 1:08-CR-52, with possession with intent to distribute cocaine base crack (Count 1), possession of cocaine base crack (Count 2) and possession with intent to distribute marijuana (Count 3). In Cause Number 1:08-CR-62, the Defendant was charged with two counts of distribution of cocaine base crack.

Pursuant to a written Plea Agreement, the Defendant pled guilty to Count 1 under 1:08-CR-52, and Count 2 under 1:08-CR-62, in return for the dismissal of the other charges. Because the Defendant has a prior felony drug conviction for which the Government filed a notice under 21 U.S.C. § 851 the statutory mandatory minimum for the drug offenses was 10

years. The Government and the Defendant also agreed to a term, not binding on the Court, that the Defendant was entitled to the appropriate reductions for acceptance of responsibility. Another nonbinding term set forth the parties' understanding that the amount of controlled substances involved in his offenses of conviction, including relevant conduct for both cases, was between 50 and 150 grams of cocaine base. The Government also agreed to recommend that the Defendant's sentences run concurrent to one another. Further, the Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> Because of the circumstances regarding my commission of the offenses in the two Indictments, I acknowledge that the Court has the discretion to impose concurrent, partially concurrent, or consecutive sentences in my two cases. I also acknowledge that, with the above recommendation of concurrent sentences, the mandatory minimum sentence of 120 months (or 10 years) under-represents the severity of my offenses. Therefore, the government and I agree that I should be sentenced to a term of imprisonment of 150 months. The above-mentioned agreement that I should receive a sentence of 150 months is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 7(d), ECF Nos. 37, 21.)

On July 6, 2009, the Court accepted the Plea Agreement and sentenced the Defendant to 150 months of imprisonment for each count to run concurrent. In accepting the Agreement, the Court noted that 150 months was a variance from the 120-month mandatory minimum and the Guideline sentence, but that it sufficiently accounted for the fact that the Defendant's actual exposure for his criminal conduct was much higher, as the Court could have impose two consecutive, or partially concurrent, 120-month sentences (one for each Indictment).

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See*

18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

The Defendant argues that the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), entitles him to a sentence reduction under 18 U.S.C. § 3582(c)(2) despite having been sentenced in accordance with a binding plea agreement term for a specific term of imprisonment. He argues that the applicable Guideline range was used to establish his term of imprisonment, noting that his Plea Agreement provided that his sentence would be determined, in part, by the United States Sentencing Guidelines. He also notes that his Plea Agreement contained an agreement that he would receive an additional one-level reduction in his offense for acceptance of responsibility. The Defendant also points to the Court's discussion of the advisory Guideline range when it accepted the agreed term for 150 months.

In *Freeman*, four justices concluded that "a district judge's decision to impose a sentence

3

may . . . be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C)," because the district judge must consider the Guidelines and calculate the defendant's relevant guideline range when deciding whether to accept the plea agreement. 131 S. Ct. at 2690, 2692–93 (plurality). In her concurring opinion, Justice Sotomayor agreed that Freeman was eligible for a sentence reduction but took a narrower view of when the sentence imposed using a Rule 11(c)(1)(C) agreement is "based on" the Guidelines. Justice Sotomayor stated that, generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, she recognized two limited exceptions. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself").

The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayor's concurrence. *United States v. Dixon*, 687 F.3d

356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)). Under this standard, the Court finds that the Defendant does not qualify for a sentence reduction. He entered into a binding agreement with the Government that he be sentenced to a term of imprisonment of 150 months in light of the Government's recommendation of concurrent sentences in cause numbers 1:08-CR-52 and 1:08-CR-62. The Plea Agreement does not reference the Defendant's offense level, criminal history category, or applicable Guideline range. *Cf. United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (finding that where a plea agreement mentioned a base offense level, but no criminal-history score, thus omitting "one of the critical inputs necessary to find a final advisory guidelines range[, it was] impossible to infer from this agreement that the parties based their agreed . . . term on any guidelines range"). Under Justice Sotomayor's controlling concurrence, the mere fact that the Court considered the Guideline range in deciding whether to accept the plea agreement and the 150-month term carries no weight in the analysis. *See Freeman*, 131 S. Ct. at 2696–97 (rejecting the plurality's suggestion that a district judge is empowered "to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement"); *see also Dixon*, 687 F.3d at 361 ("All that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement.").

Applying the law established by *Freeman* and *Dixon* to the facts of this case, the Court finds that the Defendant's term of imprisonment was not based on the Guidelines, but was based

on the binding term set forth in his Plea Agreement. Therefore, his sentence is not subject to a reduction under the Guideline amendments.

## CONCLUSION

For the reasons stated above, the Court DENIES the Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF Nos. 73, 69].

SO ORDERED on October 28, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT